Mark D. Etchart
M. Christy S. McCann
BROWNING, KALECZYC, BERRY & HOVEN, P.C.
800 N. Last Chance Gulch, Ste. 101
P.O. Box 1697
Helena, MT  59624-1697
Telephone:  (406) 443-6820
Facsimile:  (406) 443-6883
mark@bkbh.com
christy@bkbh.com

*Attorneys for Western Surety Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESTERN SURETY COMPANY, a South Dakota corporation, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| OUTBACK CONSTRUCTION, INC., TANNER COCHRELL, D. SHAMEEN COCHRELL, SHAWN WELCHANS, and ASHLEY WELCHANS, | |
| Defendants. | |

1

Plaintiff, Western Surety Company ("Western"), by and through its attorneys, as and for its Complaint against Defendants Outback Construction, Inc. ("Outback"), Tanner Cochrell, D. Shameen Cochrell, Shawn Welchans, and Ashley Welchans state as follows:

## Parties

1. Western is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota.

2. Western is authorized to conduct and is conducting surety business in the State of Montana.

3. Outback is a Montana corporation with its principal office in Missoula, Montana. At all times relevant to this action, Outback was engaged in the construction business.

4. On information and belief, Tanner Cochrell is an individual who resides in Drummond, Montana.

5. On information and belief, D. Shameen Cochrell is an individual who resides in Drummond, Montana.

6. On information and belief, Shawn Welchans is an individual who resides in Florence, Montana.

7. On information and belief, Ashley Welchans is an individual who resides in Florence, Montana.

8. Throughout this Complaint, Outback, Tanner Cochrell, D. Shameen Cochrell, Shawn Welchans, and Ashley Welchans shall be collectively referred to as "Indemnitors."

## Jurisdiction and Venue

9. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and the Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

10. The action arises out of transactions occurring, in part, in Cascade, Fergus, Flathead, Gallatin, Lake, Pondera and Roosevelt Counties, Montana. This Court has jurisdiction over the subject matter and the parties, and venue is proper in the Missoula Division.

## Relevant Facts

11. At all relevant times, Outback was and is a business providing construction services.

12. In connection with the performance of construction services, from time to time, project owners or contractors required Outback to obtain payment and performance bonds (the "Bonds"). Outback obtained the Bonds from Western.

13. On or about March 22, 2017, Outback contracted with Pondera County, as obligee, on a construction project described as "Mechanical

Modifications & Upgrades, Pondera County, Montana" (hereinafter "Pondera Project").

14. On or about March 24, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Performance Bond, Bond No. 30005133 (hereinafter "Pondera Performance Bond") on behalf of Outback, as principal, for the contract for the Pondera Project in the penal sum of $349,665.00. A true and correct copy of the Pondera Performance Bond is attached hereto as Exhibit A and incorporated herein by this reference.

15. On or about March 24, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Labor and Material Payment Bond, Bond No. 30005133 (hereinafter "Pondera Payment Bond") on behalf of Outback, as principal, for the contract for the Pondera Project in the penal sum of $349,665.00. A true and correct copy of the Pondera Payment Bond is attached hereto as Exhibit A and incorporated herein by this reference.

16. On or about May 1, 2017, Outback contracted with the Town of Valier, as owner/obligee, on a construction project described as "Addition and Renovation to the Valier Library, Valier, Montana" (hereinafter "Valier Project").

17. On or about May 8, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a

Performance Bond, Bond No. 30005137 (hereinafter "Valier Performance Bond") on behalf of Outback, as principal, for the contract for the Valier Project in the penal sum of $258,241.64.  A true and correct copy of the Valier Performance Bond is attached hereto as Exhibit B and incorporated herein by this reference.

18.	On or about May 8, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Payment Bond, Bond No. 30005137 (hereinafter "Valier Payment Bond") on behalf of Outback, as principal, for the contract for the Valier Project in the penal sum of $258,241.64.  A true and correct copy of the Valier Payment Bond is attached hereto as Exhibit B and incorporated herein by this reference.

19.	On or about May 3, 2017, Outback contracted with the State of Montana, as obligee, on a contract described as "A/E #2015-31-05, Roy Equipment Storage Building, Montana Department of Transportation, Roy, Fergus County, Montana" (hereinafter "MDOT Roy Project").

20.	On or about May 8, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered Performance Bond No. 30005136 (hereinafter "MDOT Roy Performance Bond") on behalf of Outback, as principal, for the contract for the MDOT Roy Project in the penal sum of $695,000.00.  A true and correct copy of the MDOT Roy

Performance Bond is attached hereto as Exhibit C and incorporated herein by this reference.

21.   On or about May 8, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered Labor & Material Payment Bond No. 30005136 (hereinafter "MDOT Roy Payment Bond") on behalf of Outback, as principal, for the contract for the MDOT Roy Project in the penal sum of $695,000.00.  A true and correct copy of the MDOT Roy Payment Bond is attached hereto as Exhibit C and incorporated herein by this reference.

22.   On or about August 24, 2017, Outback contracted with Gallatin County, Montana, as owner/obligee, on a contract described as "Gallatin County Document Storage Facility, Bozeman, Montana" (hereinafter "Gallatin Project").

23.   On or about August 29, 2017, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Performance Bond, Bond No. 30015932 (hereinafter "Gallatin Performance Bond") on behalf of Outback, as principal, for the contract for the Gallatin Project in the penal sum of $1,218,000.00.  A true and correct copy of the Gallatin Performance Bond is attached hereto as Exhibit D and incorporated herein by this reference.

24. On or about February 28, 2018, Outback contracted with the State of Montana, as obligee, on a contract described as "A/E #2015-31-04, Rebid Wolf Point Equipment Storage Building, Department of Transportation, Wolf Point, Montana" (hereinafter "MDOT Wolf Point Project").

25. On or about March 1, 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered Performance Bond No. 30015940 (hereinafter "MDOT Wolf Point Performance Bond") on behalf of Outback, as principal, for the contract for the MDOT Wolf Point Project in the penal sum of $1,295,000.00. A true and correct copy of the MDOT Wolf Point Performance Bond is attached hereto as Exhibit E and incorporated herein by this reference.

26. On or about March 1, 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered Labor & Material Payment Bond No. 30015940 (hereinafter "MDOT Wolf Point Payment Bond") on behalf of Outback, as principal, for the contract for the MDOT Wolf Point Project in the penal sum of $1,295,000.00. A true and correct copy of the MDOT Wolf Point Payment Bond is attached hereto as Exhibit E and incorporated herein by this reference.

27. On or about May 31, 2018, Outback contracted with Kalispell Public Schools, as owner/obligee, on a construction project described as "Agricultural

Education Center Improvements-Phase 1, Kalispell, Montana" (hereinafter "Kalispell Project").

28. On or about May 31, 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Performance Bond, Bond No. 30015942 (hereinafter "Kalispell Performance Bond") on behalf of Outback, as principal, for the contract for the Kalispell Project in the penal sum of $716,000.00. A true and correct copy of the Kalispell Performance Bond is attached hereto as Exhibit F and incorporated herein by this reference.

29. On or about May 31, 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Payment Bond, Bond No. 30015942 (hereinafter "Kalispell Payment Bond") on behalf of Outback, as principal, for the contract for the Kalispell Project in the penal sum of $716,000.00. A true and correct copy of the Kalispell Payment Bond is attached hereto as Exhibit F and incorporated herein by this reference.

30. On or about July 18, 2018, Outback contracted with Rae Water and Sewer District, as owner/obligee, on a construction project described as RAE W&S Water Maintenance Building, Bozeman, Montana" (hereinafter "Rae Project").

31. On or about July 23, 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a

Performance Bond, Bond No. 30015945 (hereinafter "Rae Performance Bond") on behalf of Outback, as principal, for the contract for the Rae Project in the penal sum of $530,000.00.  A true and correct copy of the Rae Performance Bond is attached hereto as Exhibit G and incorporated herein by this reference.

32. On or about July 23, 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Payment Bond, Bond No. 30015945 (hereinafter "Rae Payment Bond") on behalf of Outback, as principal, for the contract for the Rae Project in the penal sum of $530,000.00.  A true and correct copy of the Rae Payment Bond is attached hereto as Exhibit G and incorporated herein by this reference.

33. On an unknown date in 2018, Outback contracted with the City of Ronan, as owner/obligee, on a construction project described as "Surface Water Treatment Plant Expansion, Ronan, Montana" (hereinafter "Ronan Project").

34. On an unknown date in 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Performance Bond, Bond No. 30015941 (hereinafter "Ronan Performance Bond") on behalf of Outback, as principal, for the contract for the Ronan Project in the penal sum of $392,213.00.  A true and correct copy of the Ronan Performance Bond is attached hereto as Exhibit H and incorporated herein by this reference.

35. On an unknown date in 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Payment Bond, Bond No. 30015941 (hereinafter "Ronan Payment Bond") on behalf of Outback, as principal, for the contract for the Ronan Project in the penal sum of $392,213.00. A true and correct copy of the Ronan Payment Bond is attached hereto as Exhibit H and incorporated herein by this reference.

36. On an unknown date in about 2018, Outback contracted with the City of Great Falls, as owner/obligee, on a construction project described as "West Bank Park Trail Replacement Phase 2, O.F. 1585.8, Great Falls, Montana" (hereinafter "Great Falls Project").

37. On an unknown date in about 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Performance Bond, Bond No. 30015933 (hereinafter "Great Falls Performance Bond") on behalf of Outback, as principal, for the contract for the Great Falls Project in the penal sum of $70,580.00. A true and correct copy of the Great Falls Performance Bond is attached hereto as Exhibit I and incorporated herein by this reference.

38. On an unknown date in about 2018, at the special instance and request of Indemnitors, and each of them, Western, as surety, executed and delivered a Payment Bond, Bond No. 30015933 (hereinafter "Great Falls Payment Bond") on

behalf of Outback, as principal, for the contract for the Great Falls Project in the penal sum of $70,580.00.  A true and correct copy of the Great Falls Payment Bond is attached hereto as Exhibit I and incorporated herein by this reference.

39. Claims have been made against the above-referenced Bonds by various subcontractors, suppliers and owners/obligees, and Western has been required to pay said claims and incur related expenses.  Details of the payments Western has tendered, including the projects, unrecovered amounts and dates of loss, are as follows:

- a. MDOT Roy Project:  Western paid the sum of $105,149.00 for Bond No. 30005136 for the February 25, 2018 loss;
- b. Great Falls Project:  Western paid the sum of $3,794.00 for Bond No. 30015933 for the December 30, 2017 loss;
- c. Pondera Project:  Western paid the sum of $34,392.00 for Bond No. 30005133 for the June 13, 2017 loss;
- d. MDOT Wolf Point Project:  Western paid the sum of $398,357.00 for Bond No. 30015940 for the July 31, 2018 loss;
- e. Kalispell Project:  Western paid the sum of $343,779.00 for Bond No. 30015942 for the November 27, 2018 loss;
- f. Gallatin Project:  Western paid the sum of $6,680.00 for Bond No. 30015932 for the February 24, 2018 loss;

    g. Rae Project: Western paid the sum of $201,976.00 for Bond No. 30015945 for the January 18, 2019 loss;

    h. Valier Project: Western paid the sum of $84,554.00 for Bond No. 30005137 for the May 7, 2018 loss; and,

    i. Ronan Project: Western paid the sum of $1,723.00 for Bond No. 30015941 for the May 18, 2018 loss.

40. As a result of the bond claims, Western has incurred attorneys' fees, costs, and expenses in handling the bond claims, bond claim negotiations, paying the bond claims and this litigation. The total amount of Western's potential losses at this time exceeds $1,180,404.00.

41. As an inducement and in partial consideration for Western's execution of the above referenced bonds, the Indemnitors (Defendants Outback, Tanner Cochrell, D. Shameen Cochrell, Shawn Welchans, and Ashley Welchans) executed a General Agreement of Indemnity dated January 1, 2017 (hereinafter "GAI"). A true and correct copy of the GAI is attached hereto as Exhibit J and incorporated herein by this reference.

42. Under the GAI, Indemnitors, and each of them, agreed to indemnify Western and hold Western harmless against any and all losses, claims, demands, liability, costs, fees, and expenses that Western incurs in connection with the Bonds.

43. Claims have been filed against Western on the bonded projects, and additional claims may be filed by owners, subcontractors, vendors, and suppliers on those projects in amounts currently unknown.

44. On or about July 13, 2022, Western sent to Indemnitors by certified mail and Federal Express a demand letter demanding indemnification in the amount of $1,180,404.00 within seven days of the receipt of the letter.

45. Based on the return of the certification and communications with counsel, Defendants Shawn and Ashley Welchans received the demand letter.

46. Western was unable to determine whether Defendants Outback, Tanner Cochrell, and D. Shameen Cochrell ever received the demand letter.

47. As of today's date, Western has not received the payment requested in its July 13, 2022 demand letter.

48. The Defendants, and each of them, have at all times failed, refused, and neglected to perform the terms of the GAI in accordance with the demand of Western to be indemnified, by refusing to reimburse Western for costs, expenses and attorneys' fees incurred in handling the bond claim matters and in enforcing Western's rights under the terms of the GAI.

49. Western has performed or been excused from performing all of the conditions and obligations to be performed on its part under the GAI.

//

## FIRST CAUSE OF ACTION
(Specific Enforcement of GAI against the Defendants)

50. Western incorporates herein the allegations of paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. Western reasonably anticipates claims and expenses on the Bonds in excess of $1,180,404.00, and Indemnitors have failed to post collateral security, as required under the GAI.

52. The Defendants, and each of them, entered into the GAI in consideration for the execution of the performance bonds and payment bonds and other consideration. As a term and condition of the GAI, the Defendants, and each of them, agreed to indemnify and save Western harmless from and against any loss and/or expenses of any kind including interest, court costs, and attorney fees, and from any loss and/or expenses which Western may sustain as a consequence of the execution of the bonds.

53. Consistent with the terms of the GAI, Indemnitors should be enjoined, specifically to perform all terms and conditions of the GAI, including the posting of collateral security in the amount of the reserve sufficient to indemnify and hold harmless Western against all loss, costs, and expenses, and the furnishing of competent evidence of Western's discharge from obligations under the Bonds, without any loss.

54. Under the terms of the GAI, Western is entitled, in addition to all damages, to its reasonable attorneys' fees, which may be awarded by the Court. Western does not know the full amount thereof at this time and will offer proof at the time of judgment or trial.

## SECOND CAUSE OF ACTION
(Breach of Written Contract)

55. Western incorporates herein the allegations of paragraphs 1 through 54, inclusive, of this Complaint as though fully set forth herein.

56. On January 1, 2017, Indemnitors entered into a written contract with Western, the GAI, whereby they agreed to, among other things, indemnify Western from and against any losses and/or expenses of any kind including interest, court costs, and attorney fees, which Western shall incur at any time by reason of its execution and/or delivery of the bonds. Western has performed its obligations under the GAI.

57. Pursuant to the terms of the GAI, the Indemnitors were, among other things, required to indemnify Western from and against any losses and/or expenses of any kind including interest, court costs, and attorney fees herein.

58. The Indemnitors have breached the terms of the GAI in that they have failed, refused and neglected to perform the terms of the GAI in accordance with demands of Western to be indemnified, by refusing to reimburse Western for costs,

expenses and attorney fees incurred in handling bond claims and enforcing Western's rights under the terms of the GAI.

59.     By reason of the foregoing and as required by the Defendants, Western has secured legal counsel to defend Western against claims made by bond claimants, to negotiate with the Indemnitors, and pursue litigation against the Indemnitors.  Western has been damaged by the failure of the Indemnitors to perform the GAI in accordance with its terms in an amount which exceeds $1,180,404.00.  This amount is increasing monthly by, among other things, the amount Western is required to pay counsel; negotiate with the Indemnitors; and pursue litigation against the Indemnitors.

60.     Western is entitled to judgment against Indemnitors, and each of them, for any amount it is required to pay to claimants, plus all loss, costs, and expenses in connection with such claims, together with prejudgment interest from the date of each payment at the statutory rate.

61.     Under the terms of the GAI, Western is also entitled to recover its reasonable attorneys' fees, which may be awarded by the Court.

## **Prayer For Relief**

WHEREFORE, Western prays for relief as follows:

A)     For entry of judgment in its favor against Defendants, and each of them, for all Western's losses, costs, and expenses, prejudgment

interest, and reasonable attorneys' fees incurred as a result of Defendants' breaches under the GAI, together with post judgment interest at the statutory rate and supplemental judgments at such time and under such circumstances as claims are adjusted and satisfied by Wester, and on further notice to Defendants;

B) For a decree mandatorily enjoining Defendants, and each of them, specifically to perform all the terms, conditions, and obligations under the GAI, and the furnishing of competent evidence of Western's discharge, without loss under the Bonds;

C) For the costs of this action;

D) For reasonable attorneys' fees;

E) For interest on all sums at the maximum legal rate;

F) For any and all further relief that the Court deems just and proper.

DATED this 26th day of August, 2022.

BROWNING, KALECZYC, BERRY & HOVEN, P.C.

By  /s/ M. Christy S. McCann
   Mark D. Etchart
   M. Christy S. McCann

*Attorneys for Western Surety Company*