IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WESTERN SURETY COMPANY, a South Dakota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OUTBACK CONSTRUCTION, INC., TANNER COCHRELL, D. SHAMEEN COCHRELL, SHAWN WELCHANS, and ASHLEY WELCHANS,<br><br>Defendants. | CV 22–144–M–DLC<br><br>ORDER |

Before the Court is Plaintiff Western Surety Company's ("Western Surety") Motion for Entry of Default Judgment against Defendants Outback Construction, Inc., Tanner Cochrell, and D. Shameen Cochrell (collectively "Outback Defendants"). (Doc. 17.) The Outback Defendants have not appeared in this matter. For the following reasons, default judgment is appropriate.

## Background

Western Surety seeks a declaratory judgment that the Outback Defendants failed to perform their obligations under a General Agreement of Indemnity ("GAI") and seeks default judgment against the Outback Defendants for a sum certain in the total amount of $1,185,588.12. (Doc. 18 at 2–3.)

1

The Outback Defendants entered into the GAI "as an inducement and in partial consideration" for the execution of performance bonds and payment bonds (the "Bonds") by Western Surety in connection with the Outback Defendant's construction services. (Doc. 1 at 3–11, 12.) Claims were subsequently made against the Bonds "by various subcontractors, suppliers and owners/obligees." (*Id.* at 11.) Western Surety was required to pay those claims and incur related expenses," (*id.* at 12), which Western Surety calculates at $1,185,588.12, (Docs. 18 at 3; 14-1 at 3.) Under the GAI, the Outback Defendants "agreed to indemnify Western [Surety] and hold Western [Surety] harmless against any and all losses, claims, demands, liability, costs, fees, and expenses that Western [Surety] incurs in connection with the Bonds." (Doc. 1 at 12.) Western Surety sent a demand letter to the Outback Defendants on or about July 13, 2022, demanding indemnification. (Doc. 1 at 13.) Western Surety never received the requested payment. (*Id.*)

Western Surety filed its Complaint on August 26, 2022. (Doc. 1.) On August 30, 2022, summons were issued, (Docs. 4, 5), and Western Surety filed proof of service as to the Outback Defendants on September 22, 2022, (Docs. 8, 9, 10). The Outback Defendants have failed to appear in this matter. On December 27, 2022, the Clerk of Court entered default against the Outback Defendants. (Doc. 15.) On January 13, 2023, Western Surety moved for entry of a default judgment by the Court. (Doc. 17.)

**Discussion**

A district court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court considering whether default judgment is appropriate should consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits." *State Farm Mut. Auto. Ins. Co. v. Croft*, No. CV 19-41-M-DWM, 2019 WL 6311136, at *1 (D. Mont. Nov. 25, 2019) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). The court accepts the factual allegations in the complaint as true. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

The first factor, the possibility of prejudice to the plaintiff, weighs in favor of granting default judgment. Because the Outback Defendants have not answered the Complaint nor appeared in this matter, the Court's failure to grant default judgment could preclude Western Surety from recovering the entire amount they are entitled under the terms of the contract.

The second and third factors inquire into the merits of the claim and the sufficiency of the complaint, *Eitel*, 782 F.2d at 1471, both of which support

3

entering default judgment. The Complaint is certainly sufficient. It satisfies Rule 8's pleading standards and establishes the Court's jurisdiction. (*See* Doc. 1 at 3.)

Moreover, the allegations in the Complaint, taken as true, state a meritorious claim for breach of contract. Per the terms of the GAI, the Outback Defendants were obligated to indemnify Western Surety against any losses and/or reimburse other expenses, including interest, court costs, and attorney fees. The Outback Defendants have breached the terms of the GAI by failing to indemnify or reimburse Western Surety for these costs.

The fourth factor considers the amount of money at stake weighed against the culpability of the defendants' conduct. *Croft*, 2019 WL 6311136, at *3. Western Surety seeks to recover $1,180,404.00 for breach of contract, plus the costs and expenses of pursuing this litigation in the amount of $4,458.00 in fees, and $726.12 in other costs, including the cost of serving the Summons and Complaint, for a sum certain total of $1,185,588.12. (Docs. 18 at 3, 14-1 at 3.) The amount Western Surety seeks to recover is an amount that the Outback Defendants are contractually obligated to pay pursuant to the terms of the GAI. Thus, this factor weighs in favor of entry of default judgment.

The fifth and sixth factors—possible factual disputes and excusable neglect—also favor entering default judgment. Because the Outback Defendants did not answer Western Surety's Complaint, no facts are in dispute. *See PepsiCo,*

*Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). And, because the Outback Defendants were properly served approximately four months ago, it is unlikely that the Outback Defendants' failure to answer results from excusable neglect.

The final factor, the policy favoring a decision on the merits, generally weighs against entering default judgment. *Eitel*, 782 F.2d at 1472. Yet "the mere existence of [Rule] 55(b), . . . indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (internal quotation marks omitted). The Outback Defendants' failure to answer makes any other disposition impractical.

Having weighed each of the factors, the Court finds that default judgment is appropriate.

Accordingly, IT IS ORDERED that Western Surety's motion for default judgment (Doc. 17) is GRANTED.

IT IS FURTHER ORDERED that default judgment is entered in favor of Plaintiff Western Surety Company and against Defendants Outback Construction, Inc., Tanner Cochrell, and D. Shameen Cochrell on Western Surety's claim for breach of the General Agreement of Indemnity.

IT IS FURTHER ORDERED that Defendants Outback Construction, Inc., Tanner Cochrell, and D. Shameen Cochrell are liable to Western Surety for

$1,180,404.00 for breach of contract, plus the costs and expenses of pursuing this litigation in the amount of $4,458.00 in fees, and $726.12 in other costs, including the cost of serving the Summons and Complaint, for a sum certain total of $1,185,588.12.

The clerk is directed to enter judgment by separate document as to Defendants Outback Construction, Inc., Tanner Cochrell, and D. Shameen Cochrell.

DATED this 30th day of January, 2023.

_____
Dana L. Christensen, District Judge
United States District Court